**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TIMOTHY W. LONG,** | ) |
| | ) |
| **PETITIONER,** | ) |
| | ) |
| **vs.** | )   **Case No. 3:26-cv-00069-DWD** |
| | ) |
| **WARDEN JENNINGS,** | ) |
| | ) |
| **RESPONDENT.** | ) |

**<u>MEMORANDUM & ORDER</u>**

**DUGAN, District Judge:**

Petitioner Timothy Long, an inmate at Robinson Correction Center, filed an Amended Petition for a Writ of Habeas Corpus (Doc. 12) under 28 U.S.C. § 2254. Petitioner brings this action to challenge his criminal conviction, alleging it is in violation of the United States Constitution.

The Amended Petition is now before the Court for a preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

By way of background, Petitioner was convicted of conspiracy related to manufacturing of methamphetamine on May 12, 2015, following a jury trial. (Doc. 12, p. 1); *State of Illinois v. Long*, Case No. 2014-CF-43 (Eighth Judicial Circuit, Calhoun County, Illinois). On appeal, the Illinois Appellate Court for the Fourth District affirmed

Petitioner's conviction August 22, 2018. (Doc. 12, pg. 2). Petitioner did not appeal to the Illinois Supreme Court. (Doc. 12, pg. 3). Petitioner subsequently filed two post-conviction petitions. The first was filed in August of 2019 and dismissed on October 21, 2019. (Doc. 12, pgs. 3–4). The second post-conviction petition was filed on February 3, 2021, and later dismissed.[1] (Doc. 12, pg. 4).

Petitioner then filed his initial Petition under § 2254 on January 22, 2026. (Doc. 1). His initial Petition was dismissed without prejudice and Petitioner was instructed to file an amended petition that complied with the Rules Governing Section 2254 Cases. (Doc. 11). Petitioner filed the instant Amended Petition on April 2, 2026. (Doc. 12). Petitioner argues that his conviction is in violation of the Constitution on the following grounds: ineffective assistance of counsel, prosecutorial misconduct, coerced and conflicting testimony, actual innocence, and unreasonable assistance of post-conviction counsel. (Doc. 12, pgs. 8–16).

28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. The Amended Petition is an attack on Petitioner's state court judgment of conviction and is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a one-year

---

[1] Mr. Long's Amended Petition states that this second post-conviction petition was dismissed on October 21, 2019, which is prior to the date he claims it was filed. The Court will attribute this as an oversight, but the actual date of the second post-conviction's dismissal is immaterial to the disposition of the Amended Petition, as detailed below.

statute of limitations applies for a habeas corpus petition filed pursuant to § 2254. 28

U.S.C. § 2244(d). This section provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's state court judgment of conviction became final on August 22, 2018, when the appellate court affirmed his conviction. (Doc. 12, pg. 2). Petitioner did not file his first post-conviction petition until August of 2019, which tolled his deadline under § 2244(d)(2). (Doc. 12, pg. 3). The Amended Petition does not give an exact date of when the initial post-conviction petition was filed, but at least 11 months of Petitioner's 1-year window passed during this span. Petitioner's first post-conviction petition was dismissed on October 21, 2019, (Doc. 12, pg. 4), which resumed the clock on whatever time he had

remaining to file a petition under § 2254. Petitioner then filed his second post-conviction petition over a year later on February 3, 2021. (Doc. 12, pg. 4). As such, the time between the appellate court's affirmation of his conviction and the filing of his first post-conviction, combined with the time between the dismissal of his first post-conviction petition and the filing of his second post-conviction petition, exceeds the one-year statute of limitations applicable to § 2254 petitions.

In addressing the timeliness of his petition, Petitioner states that he was delayed in receiving a ruling dated June 3, 2023, for an unidentified case and that he was hospitalized for a surgery and treated for resulting complications starting in November 2023 for an undisclosed period of time. (Doc. 12, pg. 7). This argument is largely underdeveloped but touches on the concept of equitable tolling. However, "[b]efore the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition. Second, he must show that he has diligently pursued his claim, despite this obstacle." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (internal citations omitted). The Seventh Circuit has reasoned that "[e]quitable tolling is rarely granted" and "we have yet to identify a petitioner whose circumstances warrant it." *See Id.* (internal citations omitted).

Here, as shown, Petitioner's one-year window for filing his § 2254 petition had long expired *prior* to the delayed mail delivery and medical issues he now raises. The Amended Petition offers nothing to explain the delays in filing his post-conviction petitions that exhausted his time to file a § 2254 petition. As such, Petitioner cannot show

4

extraordinary circumstances that prevented the timely filing of his petition. Nor can he demonstrate that he diligently pursued his claim. *See Tucker*, 538 F.3d at 735 (Petitioner "had the burden to demonstrate his own diligence in pursuing his claim but failed to present any evidence in support of it.") (internal citations omitted). As such, Petitioner's challenge to his state judgment via this § 2254 petition is untimely on its face.

## Disposition

Accordingly, Timothy Long's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED, with prejudice**, as untimely.

A certificate of appealability is required to appeal from the dismissal or denial of a 28 U.S.C. § 2254 petition. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, a certificate of appealability shall **NOT** be issued. Petitioner has no basis for a determination that the Court's decision is debatable or incorrect because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

**SO ORDERED.**

Dated: May 26, 2026

DAVID W. DUGAN
United States District Judge

5